**EUREKA CO. et al. v. HENNEY MOTOR CO.***

No. 6313.

Circuit Court of Appeals, Third Circuit.

Aug. 3, 1937.

*Rehearing denied Oct. 19, 1937.

Hugh M. Morris, of Wilmington, Del., C. E. Sheldon, of Sterling, Ill., and Toulmin & Toulmin, of Dayton, Ohio (Hugh M. Morris, of Wilmington, Del., C. E. Sheldon. of Sterling, Ill., H. A. Toulmin and H. A. Toulmin, Jr., both of Dayton, Ohio, of counsel), for appellants.

Russell Wiles and George A. Chritton, both of Chicago, Ill., Charles H. Green, of Freeport, Ill., and William G. Mahaffy, of Wilmington, Del. (Chritton, Wiles, Davies, Hirschl & Dawson, of Chicago, Ill., of counsel), for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

This case concerns burial hearses having a movable casket table adapted to being projected laterally outside a side door of a hearse so as to receive a coffin and thereafter to be turned back into a longitudinal position in the hearse. It will be seen that the hearse could in this way stand sideways along a curb and not at right angles and stop traffic. This structure was embodied in patent No. 1,721,391, granted July 16, 1929, to Heise. Subsequently one Henney acquired an exclusive license of the patent to make, use, and sell the patented hearse. Thereafter he granted a sublicense to the Eureka Company, the plaintiff. It brought the present suit against the Henney Motor Company, which had acquired Henney's right to the patent, charging unfair competition and praying an injunction restraining defendants from making alleged misstatements as to plaintiff's interest in the patent. On final hearing, the court below, in an opinion reported in (D.C.) 14 F.Supp. 764, 766, dismissed the bill. Thereafter Eureka took this appeal. Reference to such opinion obviates restatement of the voluminous proofs and contentions of the parties.

In the final analysis the case narrows to the issue stated by the lower court in its opinion as follows: "Can Eureka sell Heise parts or tables to hearse manufacturers separate and apart from finished hearses? The real controversy between the parties hinges upon the answer to that question. If Eureka can sell such separate parts, then its nonexclusive license was not forfeited and the alleged acts of unfair competition on the part of defendant are not justified. On the other hand, if Eureka cannot sell such separate parts its non-exclusive license was forfeited and the advertisements and statements of defendant may be justified."

On the hearing before us both parties ask us to determine this question and end the controversy. The pertinent provisions of the sublicense to Eureka are as follows: "The Licensor hereby grants to the Licensee a nonexclusive license to make in its principal place of business wherever situated, and at no other place or places and to use and sell in the United States and throughout the world hearses and other vehicles embodying the inventions disclosed or claimed in said above identified applications for letters patent. * * * said grant to be subject to the following terms and conditions. * * * The Licensee agrees to keep accurate books of account showing dates of shipment or delivery of each and every side loading hearse (or assembly of principal parts used in making hearses) shipped or delivered by Licensee during the term of this agreement, said books to clearly show the name and address of each customer and the serial number of each hearse shipped to each customer. * * * Licensee agrees to use its best efforts to promote the sale of side loading hearses. Should Licensee during any calendar year during the term of this agreement fail to manufacture and sell a minimum of Twenty hearses embodying side loading features, it is agreed that said failure of Licensee to so manufacture and sell shall automatically terminate this agreement."

After argument and full consideration of the terms of the sublicense, we are of opinion Eureka had no right to sell Heise parts or tables to hearse manufacturers separate and apart from finished hearses and, so holding, the decree of the court dismissing the bill, on account of our so construing the sublicense, is affirmed.